# EXHIBIT 4

Case 4:22-cv-02754   Document 1-5   Filed on 08/15/22 in TXSD   Page 2 of 8

8/8/2022 3:40 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 67069487
By: Iris Collins
Filed: 8/8/2022 3:40 PM

CAUSE NO. 2022-41785

| | | |
|---|---|---|
| **Sofia Garza,** | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | HARRIS COUNTY, TEXAS |
| | § | |
| **FAMILY DOLLAR STORES OF TEXAS, LLC,** | § | |
| | § | |
| *Defendant.* | § | 281st JUDICIAL DISTRICT |

# DEFENDANT FAMILY DOLLAR STORES OF TEXAS, LLC ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

Defendant, FAMILY DOLLAR STORES OF TEXAS, LLC ("FAMILY DOLLAR"), hereby files its Original Answer to Plaintiff's Original Petition as follows:

## I.
## GENERAL DENIAL

1. FAMILY DOLLAR denies each and every, all and singular, the material allegations contained within Plaintiff's pleadings and demands strict proof thereof.

## II.
## INFERENTIAL REBUTTALS

2. Notwithstanding the foregoing, FAMILY DOLLAR asserts the following by way of inferential rebuttal and request that the Court instruct the jury as follows:

   a. ***New and Independent Cause / Superseding Intervening Cause.*** The alleged damages in question as set forth in the Petition were caused by the conduct of Plaintiff, and that said conduct destroyed any causal connection between the alleged acts or omissions of FAMILY

GARZA, SOFIA/DEFENDANT FAMILY DOLLAR STORES OF TEXAS, LLC
ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION
Doc#7675124 (58000.00606)

1 | P A G E

DOLLAR and the injuries complained of thus becoming an independent, superseding, or intervening cause of the Plaintiff's alleged damages.

b. *Sole Proximate Cause*. The act(s) or omission(s) of Plaintiff or a third party was the sole cause of the damages she alleges in the Petition and therefore, FAMILY DOLLAR is not liable to the Plaintiff.

## III.
## AFFIRMATIVE DEFENSES

4. Pleading further, alternatively, and by way of affirmative defense, FAMILY DOLLAR asserts that any damages sought to be recovered by Plaintiff should be reduced to the extent that Plaintiff has failed to take the reasonable steps that a person of ordinary prudence in a similar situation would have taken to avoid and mitigate the claimed damages.

5. Pleading further, alternatively, and by way of affirmative defense, FAMILY DOLLAR asserts that in the unlikely event that an adverse judgment would be rendered against it, FAMILY DOLLAR would respectfully request all available credits and/or offsets as provided by the Texas Civil Practice & Remedies Code and under Texas law.

6. FAMILY DOLLAR hereby gives notice that it intends to rely upon such other defenses or denials, affirmative or otherwise, and to assert third-party claims and any other claims, as may become available or appear during discovery as it proceeds in this matter, and hereby reserves the right to amend its Original Answer to assert such defenses.

7. Pleading further, alternatively, and by way of affirmative defense, FAMILY DOLLAR asserts that in addition to any other limitation under law, Plaintiff's recovery of medical or health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff, pursuant to Section 41.0105 of the Texas Civil Practice & Remedies Code.

8. Pleading further, alternatively, and by way of affirmative defense, FAMILY DOLLAR hereby affirmatively pleads that Plaintiff engaged in acts, including acts of negligence, which caused Plaintiff's alleged damages. Therefore, Plaintiff is barred, in whole or in part, from recovering any damages from FAMILY DOLLAR.

9. Pleading further, alternatively, and by way of affirmative defense, FAMILY DOLLAR hereby requests that the trier of fact in this matter, after a trial on the merits, consider and determine the percentage of responsibility of Plaintiff and any other party or responsible third party pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code.

10. Pleading further, alternatively, and by way of affirmative defense, FAMILY DOLLAR asserts that Plaintiff's claims of physical and/or mental ailments in this cause were, in whole or in part, proximately caused solely and/or proximately by prior and/or subsequent incidents, events, or occurrences. FAMILY DOLLAR further asserts that Plaintiff's claims of injuries and damages are the result in whole or in part of pre-existing

conditions, injuries, diseases, and disabilities and not the result of any act or omission on the part of FAMILY DOLLAR.

11. By way of affirmative defense, Plaintiff's claims, if any, for lost wages and/or loss of future earning capacity are barred, limited, restricted, and/or governed by the provisions of the Texas Civil Practice & Remedies Code Chapter 18, and any other applicable statute concerning the recovery of damages and the common law of Texas and limiting same to the net loss after reduction for income tax payments or unpaid tax liability thereon. Accordingly, FAMILY DOLLAR specifically pleads the limitations, restrictions and/or bar on the recovery by Plaintiff of such damages in accordance with Chapter 18 and other applicable law.

## IV.
## JURY DEMAND

12. Defendant, FAMILY DOLLAR STORES OF TEXAS, LLC, pursuant to the provisions of Rule 216 of the Texas Rules of Civil Procedure, hereby formally makes this demand for a Jury Trial in the above-referenced cause.

## PRAYER

Defendant, FAMILY DOLLAR STORES OF TEXAS, LLC, prays that Plaintiff take nothing by her lawsuit, that FAMILY DOLLAR go hence with its costs without delay, and for such other and further relief, both general and special, at law and in equity, to which FAMILY DOLLAR is justly entitled.

5 | P A G E

Respectfully submitted,

**MAYER LLP**

2900 North Loop West, Suite 500
Houston, Texas 77092
713.487.2003/Fax 713.487.

By: *Kevin P. Riley*
  Kevin P. Riley
  State Bar No. 16929100
  E-mail: kriley@mayerllp.com
  Jason M. Gunderman
  State Bar No. 24085349
  E-mail: jgundermand@mayerllp.com

**ATTORNEYS FOR DEFENDANT**
**FAMILY DOLLAR STORES OF TEXAS, LLC**

6 | P A G E

## **CERTIFICATE OF SERVICE**

      This is to certify that on the 8th day of August 2022, a true and correct copy of the foregoing has been forwarded to all counsel of record as follows:

| | |
|---|---|
| Thaison D. Hua | ☐ E-MAIL |
| Richard J. Nava | ☐ HAND DELIVERY |
| Nava Law Group, P.C. | ☐ FACSIMILE |
| 4909 Bissonnet Street, Ste 100 | ☐ OVERNIGHT MAIL |
| Houston, Texas  77041 | ☐ REGULAR, FIRST CLASS MAIL |
| Email: eserviceRJN@navalawgroup.com | ☒ E-FILE AND SERVE |
| thaison@rhhlawgroup.com | ☐ E-SERVICE ONLY |
| | ☐ CERTIFIED MAIL/RETURN RECEIPT REQUESTED |

***COUNSEL FOR PLAINTIFF***

                                         /s/  *Jason M. Gunderman*
                                           Jason M. Gunderman

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kim Eliff on behalf of Jason Gunderman
Bar No. 24085349
keliff@mayerllp.com
Envelope ID: 67069487
Status as of 8/8/2022 4:21 PM CST
Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Kevin Riley | | kriley@mayerllp.com | 8/8/2022 3:40:37 PM | SENT |
| Thaison Hua | | thaison@rhhlawgroup.com | 8/8/2022 3:40:37 PM | SENT |
| Erin Cortez | | paralegal@rhhlawgroup.com | 8/8/2022 3:40:37 PM | SENT |
| Stephanie Arms | | sarms@mayerllp.com | 8/8/2022 3:40:37 PM | SENT |
| Jason Gunderman | | jgunderman@mayerllp.com | 8/8/2022 3:40:37 PM | SENT |